FILED

2024 May-22  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

PFE/BAJ: June 2024

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| TANNOCCUS BRYANT | ) | |

## INFORMATION

The United States Attorney charges:

## Introduction

At all times material to this Information:

1.     Defendant **TANNOCCUS BRYANT** was employed by the United States Department of Veteran Affairs ("VA") at the VA Medical Center in Tuscaloosa, Alabama.

2.     Throughout his employment with the VA, **BRYANT** was a member of Government Employees AFGE AFL-CIO Local 131 ("AFGE Local 131") and, from on or about July 1, 2016 through on or about June 30, 2019, **BRYANT** served as president of AFGE Local 131.

3.     While serving as president, **BRYANT** possessed a credit card issued by AFGE Local 131, which was intended only for authorized purchases related to official union business, not personal purchases.

4.      Nevertheless, from on or about May 24, 2017 through on or about June 6, 2019, **BRYANT** made approximately 39 unauthorized personal charges totaling approximately $1960.65 on AFGE Local 131's credit card.

5.      On or about December 22, 2021, **BRYANT** entered into a pretrial diversion agreement, pursuant to which the U.S. Attorney's Office for the Northern District of Alabama agreed to defer prosecution of **BRYANT** for embezzlement of labor organization assets in violation of 29 U.S.C. § 501(c) provided that **BRYANT** submitted to the supervision of the U.S. Probation Office for twelve months and satisfied various other requirements outlined in the agreement.

6.      The U.S. Probation Office is an arm of the judicial branch of the United States Government.

7.      Among other things, the pretrial diversion agreement required **BRYANT** to pay restitution to AFGE Local 131 in the amount of $1,960.65, which reflects the total amount of unauthorized personal charges that **BRYANT** made on AFGE Local 131's credit card.

8.      On or about January 26, 2023, **BRYANT** sent an email to his assigned probation officer with a letter attached to the email.  The letter was rendered on AFGE Local 131 letterhead and stated, "To whom it may concern, Former President, Tannoccus K Bryant is in the process of paying his restitution in full.  He has paid

$904.00.  The remaining balance is $1000."  The letter purported to be drafted and signed by Union Official #1, the Secretary and Treasurer of AFGE Local 131.

9.      However, in reality, **BRYANT** – not Union Official #1 – drafted the letter, including forging Union Official #1's signature.

10.     Moreover, as **BRYANT** then well knew, he had not paid any of the agreed-upon restitution amount as of the date of the letter.

11.     On or about March 21, 2023, **BRYANT** sent another email to his assigned probation officer, which attached a second letter on AFGE Local 131 letterhead.  This second letter – which also purported to be drafted and signed by Union Official #1 and was dated March 21, 2023 – stated, "To whom it may concern, Former President, Tannoccus K Bryant has paid his restitution in full as of 3/14/2023.  He has paid $1,905.00.  The remaining balance is $0.00."

12.     However, in reality, **BRYANT** – not Union Official #1 – drafted this second letter, including forging Union Official #1' signature.

13.     Moreover, as **BRYANT** then well knew, he had not paid any of the agreed-upon restitution amount as of the date of the second letter.

## COUNT ONE
### Embezzlement of Labor Organization Assets
### [29 U.S.C. § 501(c)]

14.     Paragraphs 1 through 4 of this Information are realleged and incorporated as though fully set forth herein.

3

15.     From on or about May 24, 2017 through on or about June 6, 2019, within the Northern District of Alabama and elsewhere, the defendant

**TANNOCCUS BRYANT**

while serving as President of AFGE Local 131, a labor organization engaged in an industry affecting interstate commerce and subject to the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, *et seq.*, did unlawfully and willfully embezzle, steal, abstract, and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization by making approximately 39 unauthorized personal charges totaling approximately $1960.65 on AFGE Local 131's credit card.

All in violation of Title 29, United States Code, Section 501(c).

### COUNTS TWO & THREE
**False Statements to Government Agent**
**[18 U.S.C. § 1001]**

16.     Paragraphs 1 through 13 of this Information are realleged and incorporated as though fully set forth herein.

17.     On or about the dates listed below for each count, within the Northern District of Alabama and elsewhere, in a matter within the jurisdiction of the judicial branch of the United States Government, the defendant

**TANNOCCUS BRYANT**

4

knowingly and willfully made and caused to be made materially false, fictitious, and

fraudulent statements and representations, as described below for each count.

| Count | Date | False Statement |
|---|---|---|
| 2 | January 26, 2023 | By letter sent to his probation officer on or about January 26, 2023, **BRYANT** falsely represented that he had paid $904 to AFGE Local 131, in partial satisfaction of the restitution requirement outlined in his pretrial diversion agreement. However, as **BRYANT** then well knew, he had not paid any of the agreed-upon restitution amount as of the date of the letter. |
| 3 | March 21, 2023 | By letter sent to his probation officer on or about March 21, 2023, **BRYANT** falsely represented that he had paid the entire outstanding restitution amount to AFGE Local 131, in full satisfaction of the restitution requirement outlined in his pretrial diversion agreement.  However, as **BRYANT** then well knew, he had not paid any of the agreed-upon |

| | | restitution amount as of the date of the letter. |
| --- | --- | --- |

All in violation of Title 18, United States Code, Section 1001.

## COUNTS FOUR & FIVE
### Aggravated Identity Theft
### [18 U.S.C. § 1028A]

18.     Paragraphs 1 through 13 of this Information are realleged and incorporated as though fully set forth herein.

19.     On or about the dates listed below for each count, within the Northern District of Alabama and elsewhere, the defendant

### TANNOCCUS BRYANT

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another for each count listed below, knowing that the means of identification belonged to another actual person, during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), to wit, False Statements to a Government Agent in violation of Title 18, United States Code, Section 1001:

| Count | Date | Means of Identification |
| --- | --- | --- |
| 4 | January 26, 2023 | Union Official #1's Forged Signature on Letter Purportedly Confirming  Partial Payment of Restitution to AFGE Local 131 by **BRYANT** |

| 5 | March 21, 2023 | Union Official #1's Forged Signature on Letter Purportedly Confirming Full Payment of Restitution to AFGE Local 131 by **BRYANT** |
|---|---|---|

All in violation of Title 18, United States Code, Section 1028A.

PRIM F. ESCALONA
United States Attorney

*/s/ Electronic Signature*
BRETT A. JANICH
Assistant United States Attorney